JOHN S. LEONARDO
United States Attorney
District of Arizona

Alexander W. Samuels
Arizona State Bar No. 028926
Dimitra H. Sampson
Arizona State Bar No. 019133
Assistant U.S. Attorneys
Two Renaissance Square
40 N. Central Ave., Suite 1200
Phoenix, Arizona 85004
Telephone: 602-514-7500
Email: Alexander.Samuels@usdoj.gov
Email: Dimitra.Sampson@usdoj.gov
Attorneys for Plaintiff

___ FILED    ⊠ LODGED
___ RECEIVED ___ COPY

FEB - 2 2017

CLERK US DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

⊠ FILED    ___ LODGED
___ RECEIVED ___ COPY

AUG - 8 2017

CLERK US DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>vs.<br><br>Arianna Soohafyah,<br><br>Defendant. | No. CR-17-08021-PCT-DLR<br><br>**PLEA AGREEMENT** |

Plaintiff, United States of America, and the defendant, ARIANNA SOOHAFYAH, hereby agree to dispose of this matter on the following terms and conditions:

1. **PLEA**

The defendant will plead guilty to an Information charging the defendant with a violation of 18 United States Code (U.S.C.) § 1117, Conspiracy to Commit Murder, a Class A felony offense.

2. **MAXIMUM PENALTIES**

a. A violation of 18 U.S.C. § 1117, is punishable by a maximum fine of $250,000.00, a maximum term of imprisonment of life, or both, and a term of supervised release of 5 years.

b.      According to the Sentencing Guidelines issued pursuant to the Sentencing Reform Act of 1984, the Court shall order the defendant to:

(1)      make restitution to any victim of the offense pursuant to 18 U.S.C. § 3663 and/or 3663A, unless the Court determines that restitution would not be appropriate;

(2)      pay a fine pursuant to 18 U.S.C. § 3572, unless the Court finds that a fine is not appropriate;

(3)      serve a term of supervised release when required by statute or when a sentence of imprisonment of more than one year is imposed (with the understanding that the Court may impose a term of supervised release in all other cases); and

(4)      pay upon conviction a $100 special assessment for each count to which the defendant pleads guilty pursuant to 18 U.S.C. § 3013.

c.      The Court is required to consider the Sentencing Guidelines in determining the defendant's sentence. However, the Sentencing Guidelines are advisory, and the Court is free to exercise its discretion to impose any reasonable sentence up to the maximum set by statute for the crime(s) of conviction, unless there are stipulations to the contrary that the Court accepts.

3.      **AGREEMENTS REGARDING SENTENCING**

a.      Stipulation. Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the United States and the defendant stipulate that the defendant shall agree to be proceeded against as an adult. Accordingly, pursuant to 18 U.S.C. § 5032, the defendant shall file with the Court, in writing and upon advice of counsel, a request to be proceeded against as an adult.

b.      Stipulation. Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the United States and the defendant stipulate that the defendant shall be sentenced to no less than 15 years' imprisonment and no more than 23 years' imprisonment.

c.      Restitution. Pursuant to 18 U.S.C. § 3663, 3663A and/or 2248, the defendant specifically agrees to pay full restitution to all victims in an amount to be determined by the court, but in no event more than $100,000.00 per victim. "Victims" include persons or

entities directly or proximately harmed by defendant's "relevant conduct" including conduct pertaining to any dismissed counts or uncharged conduct, as defined by U.S.S.G. §1B1.3, regardless of whether such conduct constitutes an "offense" under 18 U.S.C. §§ 2259, 3663, 3663(A) or 2248. Pursuant to 18 U.S.C. §§ 3663 and 3664(j)(1), "victims" also include persons or entities (whether private or government: state, federal or tribal) that have paid or costs related to defendant's conduct, including insurance providers and health care providers (including those such as Medicaid, Medicare and AHCCCS). Even if the victim did not suffer physical injury, the defendant expressly agrees to pay restitution for expenditures and future expenses related to treatment for mental or emotional trauma suffered by the victims. Such expenditures shall include, but are not limited to: mental health treatment and counseling, in-patient treatment, and traditional Native American ceremonies treatment. The defendant understands that such restitution will be included in the Court's Order of Judgment and that an unanticipated restitution amount will not serve as grounds to withdraw the defendant's guilty plea or to withdraw from this plea agreement.

d.      Assets and Financial Responsibility. The defendant shall make a full accounting of all assets in which the defendant has any legal or equitable interest. The defendant shall not (and shall not aid or abet any other party to) sell, hide, waste, spend, or transfer any such assets or property before sentencing, without the prior approval of the United States (provided, however, that no prior approval will be required for routine, day-to-day expenditures). The defendant also expressly authorizes the United States Attorney's Office to immediately obtain a credit report as to the defendant in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court. The defendant also shall make full disclosure of all current and projected assets to the U.S. Probation Office immediately and prior to the termination of the defendant's supervised release or probation, such disclosures to be shared with the U.S. Attorney's Office, including the Financial Litigation Unit, for any purpose. Finally, the defendant shall participate in the Inmate Financial Responsibility Program to fulfill all financial obligations due and owing under this agreement and the law.

If the defendant is a member of a Native American tribe that provides "per capita" payments to its members, the defendant agrees that any such "per capita" payment shall be paid over to the Clerk of the Court and applied to the defendant's restitution obligation until restitution to all victims is paid in full.

e. <u>Acceptance of Responsibility</u>. If the defendant makes full and complete disclosure to the U.S. Probation Office of the circumstances surrounding the defendant's commission of the offense, and if the defendant demonstrates an acceptance of responsibility for this offense up to and including the time of sentencing, the United States will recommend a two-level reduction in the applicable Sentencing Guidelines offense level pursuant to U.S.S.G.§ 3E1.1(a). If the defendant has an offense level of 16 or more, the United States will recommend an additional one-level reduction in the applicable Sentencing Guidelines offense level pursuant to U.S.S.G. § 3E1.1(b).

f. <u>Non-Binding Recommendations</u>. The defendant understands that recommendations are not binding on the Court. The defendant further understands that the defendant will not be permitted to withdraw the guilty plea if the Court does not follow a recommendation.

**4. AGREEMENT TO DISMISS OR NOT TO PROSECUTE**

a. Pursuant to Fed. R. Crim. P. 11(c)(1)(A), the United States, at the time of sentencing, shall dismiss all other charges previously filed in this case and pending against the defendant.

b. This agreement does not, in any manner, restrict the actions of the United States in any other district or bind any other United States Attorney's Office.

**5. COURT APPROVAL REQUIRED; REINSTITUTION OF PROSECUTION**

a. If the Court, after reviewing this plea agreement, concludes that any provision contained herein is inappropriate, it may reject the plea agreement and give the defendant the opportunity to withdraw the guilty plea in accordance with Fed. R. Crim. P. 11(c)(5).

b.     If the defendant's guilty plea or plea agreement is rejected, withdrawn, vacated, or reversed at any time, this agreement shall be null and void, the United States shall be free to prosecute the defendant for all crimes of which it then has knowledge and any charges that have been dismissed because of this plea agreement shall automatically be reinstated. In such event, the defendant waives any and all objections, motions, and defenses based upon the Statute of Limitations, the Speedy Trial Act, or constitutional restrictions in bringing later charges or proceedings. The defendant understands that any statements made at the time of the defendant's change of plea or sentencing may be used against the defendant in any subsequent hearing, trial, or proceeding subject to the limitations of Fed. R. Evid. 410.

## 6.     WAIVER OF DEFENSES AND APPEAL RIGHTS

The defendant waives (1) any and all motions, defenses, probable cause determinations, and objections that the defendant could assert to the indictment or information; and (2) any right to file an appeal, any collateral attack, and any other writ or motion that challenges the conviction, an order of restitution or forfeiture, the entry of judgment against the defendant, or any aspect of the defendant's sentence, including the manner in which the sentence is determined, including but not limited to any appeals under 18 U.S.C. § 3742 (sentencing appeals) and motions under 28 U.S.C. §§ 2241 and 2255 (habeas petitions), and any right to file a motion for modification of sentence, including under 18 U.S.C. § 3582(c). This waiver shall result in the dismissal of any appeal, collateral attack, or other motion the defendant might file challenging the conviction, order of restitution or forfeiture, or sentence in this case. This waiver shall not be construed to bar an otherwise-preserved claim of ineffective assistance of counsel or of "prosecutorial misconduct" (as that term is defined by Section II.B of Ariz. Ethics Op. 15-01 (2015)).

## 7.     DISCLOSURE OF INFORMATION

a.     The United States retains the unrestricted right to provide information and make any and all statements it deems appropriate to the U.S. Probation Office and to the Court in connection with the case.

b.      Any information, statements, documents, and evidence that the defendant provides to the United States pursuant to this agreement may be used against the defendant at any time.

c.      The defendant shall cooperate fully with the U.S. Probation Office. Such cooperation shall include providing complete and truthful responses to questions posed by the U.S. Probation Office including, but not limited to, questions relating to:

(1)      criminal convictions, history of drug abuse, and mental illness; and

(2)      financial information, including present financial assets or liabilities that relate to the ability of the defendant to pay a fine or restitution.

**8.      FORFEITURE, CIVIL, AND ADMINISTRATIVE PROCEEDINGS**

a.      Nothing in this agreement shall be construed to protect the defendant from administrative or civil forfeiture proceedings or prohibit the United States from proceeding with and/or initiating an action for civil forfeiture. Pursuant to 18 U.S.C. § 3613, all monetary penalties, including restitution imposed by the Court, shall be due immediately upon judgment, shall be subject to immediate enforcement by the United States, and shall be submitted to the Treasury Offset Program so that any federal payment or transfer of returned property the defendant receives may be offset and applied to federal debts (which offset will not affect the periodic payment schedule). If the Court imposes a schedule of payments, the schedule of payments shall be merely a schedule of minimum payments and shall not be a limitation on the methods available to the United States to enforce the judgment.

**9.      ELEMENTS**

**Conspiracy to Commit Murder**

From on or about March 1, 2016 to on or about May 27, 2016, in the District of Arizona:

1.      There was an agreement between two or more persons to violate Section 1111, 1114, 1116, or 1119 of Title 18, United States Code;

2.      The defendant became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it; and

- 6 -

1  3.      At least one of the members of the conspiracy performed at least one overt

2          act for the purpose of carrying out the conspiracy.

3  **10.    FACTUAL BASIS**

4      a.      The defendant admits that the following facts are true and that if this matter

5  were to proceed to trial the United States could prove the following facts beyond a

6  reasonable doubt:

7
   On May 27, 2016, ARIANNA SOOHAFYAH, JANE DOE, and JOHN DOE
8  murdered F.T. in violation of 18 U.S.C. § 1111. The murder happened in the
   Second Mesa area of the Hopi Indian Reservation, in the District of Arizona.
9  SOOHAFYAH, JANE DOE, and JOHN DOE are all Indians pursuant to 18
10 U.S.C. § 1153; each has Indian blood and is enrolled with the Hopi Tribe,
   which is federally recognized.
11

12 On May 27, 2016, SOOHAFYAH, JANE DOE, and JOHN DOE went to
   F.T.'s home in the early afternoon. They entered the home and JANE DOE
13 physically restrained F.T. Using a knife provided by JANE DOE,
14 SOOHAFYAH then stabbed F.T. multiple times. During the attack, JOHN
   DOE also physically restrained F.T. and covered her mouth to suppress her
15 shouts for help. F.T. was successfully restrained throughout the attack. F.T.
   died as a result of the attack. SOOHAFYAH, JANE DOE, and JOHN DOE
16 also stole numerous items from F.T. that day during the attack, including her
17 vehicle, a 2014 Dodge Avenger.

18
   Beginning in March of 2016 or earlier, SOOHAFYAH and JANE DOE
19 began planning the crimes that they executed on May 27. From March of
   2016 to May 27, 2016, SOOHAFYAH and JANE DOE exchanged Facebook
20 messages in which they planned to steal F.T.'s vehicle. SOOHAFYAH and
21 JANE DOE also exchanged Facebook messages in which they planned to kill
   F.T.
22

23 On May 26, 2016 or earlier, JANE DOE recruited JOHN DOE to participate
   in the crimes referenced above.
24

25 After the crimes occurred at F.T.'s home on May 27, 2016, JANE DOE and
   JOHN DOE left the residence in F.T.'s vehicle, which they had stolen.
26 SOOHAFYAH left the residence on foot and eventually returned home,
27 where she hid the knife used to kill F.T. under her bed.

28 On May 31, 2016, SOOHAFYAH asked her mother to delete her Facebook

and Hotmail accounts. She did so because she knew that those accounts contained evidence that was material to the investigation of F.T.'s death. Incriminating messages were later found when the Facebook account was searched pursuant to a search warrant.

During the above-referenced attack, F.T. was stabbed 31 times and died as a result of the stab wounds.

## APPROVAL AND ACCEPTANCE OF THE DEFENDANT

I have read the entire plea agreement with the assistance of my attorney. I understand each of its provisions and I voluntarily agree to it.

I have discussed the case and my constitutional and other rights with my attorney. I understand that by entering my plea of guilty I shall waive my rights to plead not guilty, to trial by jury, to confront, cross-examine, and compel the attendance of witnesses, to present evidence in my defense, to remain silent and refuse to be a witness against myself by asserting my privilege against self-incrimination, all with the assistance of counsel, and to be presumed innocent until proven guilty beyond a reasonable doubt.

I agree to enter my guilty plea as indicated above on the terms and conditions set forth in this agreement.

I have been advised by my attorney of the nature of the charges to which I am entering my guilty plea. I have further been advised by my attorney of the nature and range of the possible sentence and that my ultimate sentence shall be determined by the Court after consideration of the advisory Sentencing Guidelines.

I understand that I am entitled to contest my transfer to adult status in this case. I understand that I have the right to request a hearing pursuant to 18 U.S.C. § 5032, at which a district judge would determine whether I should be proceeded against as an adult. In exchange for the benefits I have received in this plea agreement, I knowingly and voluntarily waive any such right to a transfer hearing. I further knowingly and voluntarily agree to be proceeded against as an adult.

1     My guilty plea is not the result of force, threats, assurances, or promises, other than
the promises contained in this agreement. I voluntarily agree to the provisions of this
agreement and I agree to be bound according to its provisions.

     I understand that if I am granted probation or placed on supervised release by the Court, the terms and conditions of such probation/supervised release are subject to modification at any time. I further understand that if I violate any of the conditions of my probation/supervised release, my probation/supervised release may be revoked and upon such revocation, notwithstanding any other provision of this agreement, I may be required to serve a term of imprisonment or my sentence otherwise may be altered.

     This written plea agreement, and any written addenda filed as attachments to this plea agreement, contain all the terms and conditions of the plea. Any additional agreements, if any such agreements exist, shall be recorded in a separate document and may be filed with the Court under seal; accordingly, additional agreements, if any, may not be in the public record.

     I further agree that promises, including any predictions as to the Sentencing Guideline range or to any Sentencing Guideline factors that will apply, made by anyone (including my attorney) that are not contained within this written plea agreement, are null and void and have no force and effect.

     I am satisfied that my defense attorney has represented me in a competent manner.

     I fully understand the terms and conditions of this plea agreement. I am not now using or under the influence of any drug, medication, liquor, or other intoxicant or depressant that would impair my ability to fully understand the terms and conditions of this plea agreement.

| | |
|---|---|
| 1-13-17 | _Arianna Soohafyah_ |
| Date | ARIANNA SOOHAFYAH |
| | Defendant |

## APPROVAL OF DEFENSE COUNSEL

I have discussed this case and the plea agreement with my client in detail and have advised the defendant of all matters within the scope of Fed. R. Crim. P. 11, the constitutional and other rights of an accused, the factual basis for and the nature of the offense to which the guilty plea will be entered, possible defenses, and the consequences of the guilty plea including the maximum statutory sentence possible. I have further discussed the concept of the advisory Sentencing Guidelines with the defendant. No assurances, promises, or representations have been given to me or to the defendant by the United States or any of its representatives that are not contained in this written agreement. I concur in the entry of the plea as indicated above and that the terms and conditions set forth in this agreement are in the best interests of my client. I agree to make a bona fide effort to ensure that the guilty plea is entered in accordance with all the requirements of Fed. R. Crim. P. 11.

_1-13-17_
Date

VIKKI LILES
Attorney for Defendant

## APPROVAL OF THE UNITED STATES

I have reviewed this matter and the plea agreement. I agree on behalf of the United States that the terms and conditions set forth herein are appropriate and are in the best interests of justice.

JOHN S. LEONARDO
United States Attorney
District of Arizona

_2-2-17_
Date

ALEXANDER W. SAMUELS
DIMITRA H. SAMPSON
Assistant U.S. Attorneys

- 10 -

**ACCEPTANCE BY THE COURT**

Date _____ 8-7-17 _____

HONORABLE DOUGLAS L. RAYES
United States District Judge